[Civ. No. 19408. Second Dist., Div. Three. Nov. 4, 1953.]

DOROTHY F. SCHULZE, Respondent, v. FRANK S. SCHULZE, Appellant.

Alfred M. Klein for Appellant.

Hahn, Ross & Saunders for Respondent.

VALLÉE, J.—Appeal by defendant from a summary judgment in an action for installments accrued under a foreign judgment for support and maintenance.

On March 30, 1950, the circuit court of Cook County, Illinois, having jurisdiction of the defendant, granted plaintiff a judgment for separate maintenance in which it decreed that: 1. Under an order made in the action on August 4, 1949, there was $2,660 due and owing from defendant to plaintiff for her support and maintenance and $200 for her attorney's fees; 2. Defendant pay the same to plaintiff; 3. Defendant pay plaintiff $60 a week for her separate support and maintenance until further order of the court; 4. Defendant pay plaintiff the rent of her apartment in Chicago in the sum of $105 a month until further order of the court; 5. Defendant pay plaintiff an additional attorney's fee of $500.

On October 2, 1950, plaintiff filed the complaint in the present action in the superior court of the County of Los Angeles in which she alleged: The terms of the Illinois judgment for separate maintenance; no part of the sums therein ordered to be paid to plaintiff had been paid except $100; there were due and owing from defendant to plaintiff $4,511 for support and maintenance and for rent of her apartment and $700 for attorney's fees; and the judgment had not been modified. Plaintiff prayed that the Illinois judgment be established as a judgment of the superior court of this state; judgment for $4,511 and $700 against defendant; defendant be ordered to pay plaintiff $60 a week for her support and maintenance and $105 a month for the rent of her apartment in Chicago.

On October 20, 1950, defendant filed an answer in which he denied for want of "sufficient information and knowledge" the allegations of the complaint with respect to the Illinois decree, admitted he had paid plaintiff only $100 and denied any sum was due or owing to plaintiff. As a separate defense and as a cross-complaint, defendant alleged facts for the purpose of showing a change of circumstances after the rendition of the Illinois judgment. He prayed that: 1. Plaintiff take nothing; 2. If the court recognize and establish the Illinois judgment, it supersede the provisions thereof for the support and maintenance of plaintiff and render judgment relieving him from further payments. Plaintiff answered the cross-complaint denying its allegations generally for want of information and belief.

On May 11, 1951, plaintiff made a motion for a summary judgment. In support thereof she made and filed an affidavit in which she set forth the same facts as alleged in her complaint. In opposition thereto, defendant made and filed an affidavit in which he stated facts for the purpose of showing a change of circumstances after the rendition of the Illinois judgment. He also stated that within the preceding two months plaintiff had filed a petition in the circuit court of Cook County, Illinois, in the action in which the judgment for separate maintenance had been rendered, praying that that judgment be changed to one of divorce. Defendant also filed in opposition to the motion an affidavit by his attorney in the present action, which incorporated therein exemplified copies of a supplemental complaint for divorce and a judgment of divorce in the Illinois action. The judgment recites that "due notice for leave to file the Supplemental Complaint in Chancery for Divorce was given to MILTON K. JOSEPH, Esq., one of the attorneys of record for the defendant in this cause, who personally appeared in court on April 18th, 1951; and thereupon the court ordered that the defendant answer or otherwise plead to said Supplemental Complaint in Chancery for Divorce within thirty (30) days thereafter, as will more fully appear from the order of this court entered on April 18th, 1951; and it also appearing to the court that on May 23d, 1951, this cause came on to be heard upon the motion of the defendant to dismiss plaintiff's Supplemental Complaint in Chancery for Divorce; and that the court, thereupon, having considered the motion of the defendant to dismiss plaintiff's Supplemental Complaint for Divorce and the pleadings on file, and having heard the arguments of the

respective counsel for and in opposition of the motion to dismiss, it denied defendant's motion to dismiss.'' In the judgment of divorce, the court found that $8,550 was due from defendant to plaintiff and decreed that defendant pay $50 a week for permanent alimony and support and $350 additional attorney's fees and that defendant pay plaintiff $7,850, ''the amount found to be due to the plaintiff from the defendant, for her support and rent to date under this decree.'' The affidavit stated that the judgment of divorce ''superseded and replaced'' the judgment for separate maintenance ''upon which the present action is based.'' Plaintiff made and filed a counteraffidavit stating facts for the purpose of showing no change of circumstances.

On July 19, 1951, the motion for a summary judgment was denied on the ground the judgment for separate maintenance had been superseded by and merged in the judgment of divorce.

On October 30, 1951, plaintiff was granted leave to, and she filed a supplemental complaint denominated by stipulation as an amended and supplemental complaint, referred to hereinafter as the supplemental complaint. The supplemental complaint alleged the filing of the complaint for separate maintenance; the rendition of the judgment for separate maintenance; the judgment of divorce and that by its terms plaintiff was awarded judgment against defendant for $8,900, no part of which had been paid. The prayer was for judgment against defendant in that amount and interest.

Defendant answered the supplemental complaint admitting he had been served with summons in Illinois in the action for separate maintenance; denying that the circuit court of Cook County, Illinois, had jurisdiction of him ''in any Supplemental Complaint for Divorce or of the subject matter'' referred to in the supplemental complaint, and denying that any sum was owing to plaintiff. As a separate defense defendant alleged that no summons was ever issued ''in connection with said Supplemental Complaint for Divorce''; a copy of said supplemental complaint was never served on him, nor ''was he ever duly served personally with process of said Supplemental Complaint for Divorce,'' nor did he personally appear or plead thereto, or authorize any appearance or plea to be made or entered thereto on his behalf; the Illinois court did not obtain jurisdiction either of the cause of action or of the defendant sufficient to enable it to legally render ''any

such Decree of Divorce." As a further defense the answer alleged that the judgment for separate maintenance was on a single cause of action and disposed of all the issues made in the complaint therefor; that the court did not reserve jurisdiction for any purpose except to carry the judgment into effect; that by that judgment the Illinois court lost jurisdiction of the action and of the defendant for any purpose other than "to carry out" the judgment for separate maintenance, and did not have or retain jurisdiction to entertain a new and separate cause of action for divorce; consequently, all proceedings subsequent to the judgment for separate mainte- nance including the judgment for divorce are null and void.

On November 30, 1951, plaintiff moved for a summary judgment. In support thereof, she made and filed an affidavit in which she stated all of the facts alleged in the supplemental complaint. She also filed an affidavit by her attorney in this action, which stated that the record of the Illinois action revealed that a motion to dismiss the supplemental complaint for divorce was filed therein by one of the attorneys who had appeared for defendant in the action prior to the judgment for separate maintenance, which motion was based on the following grounds: 1. The original complaint was for separate maintenance; the judgment for separate maintenance finally and completely adjudicated the single cause of action stated in the complaint; the judge did not reserve jurisdiction for any purpose except to carry the judgment into effect. 2. By virtue of the judgment for separate maintenance, the Illinois court lost jurisdiction of the cause for any purpose other than "to carry out" the judgment; the Illinois court lacks jurisdiction to entertain a new and separate cause of action as prayed for in the supplemental complaint therefor. 3. Defendant, therefore, asks that the supplemental complaint be dismissed for want of jurisdiction. The affidavit further stated the record of the Illinois action reveals an order was made by the Illinois court denying defendant's motion to dismiss and entering his default for failing to answer or otherwise plead to the supplemental complaint for divorce; that thereafter a motion was filed in the Illinois action by counsel for defendant requesting "that the Order heretofore entered herein on May 23, 1951, overruling defendant's Motion to dismiss plaintiff's Supplemental Complaint for Divorce and all subsequent orders be vacated and set aside"; that the "Order entered May 29, 1951, setting for hearing on June 5, 1951, plaintiff's Supplemental Complaint for Divorce" and

the "Decree for Divorce entered June 8, 1951," be vacated for want of jurisdiction, and that an order was made by the Illinois court denying this motion.

On April 11, 1952, the court, in the present action, made an order which provided that if plaintiff within a specified time filed her consent in writing to the entry of judgment for $5,211 on the judgment for separate maintenance, the motion for summary judgment would be granted in that amount, and if such consent was not filed, that the motion would be denied. Plaintiff filed her written consent and judgment for $5,211 was entered. Defendant appeals.

■ The issue to be determined by the trial court in considering a motion for a summary judgment is whether plaintiff or defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264] ; *United States Fid. & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429].) ■ A summary judgment for a plaintiff is proper only if the affidavits in support of his motion state facts which if proved would be sufficient to sustain judgment in his favor and defendant does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." (Code Civ. Proc., § 437c, *Hardy* v. *Hardy,* 23 Cal.2d 244, 245-247 [143 P.2d 701].) ■ An affidavit does not raise a triable issue of fact unless it states "facts showing that the party has a good and substantial defense to the plaintiff's action . . . or that a good cause of action exists upon the merits." (Code Civ. Proc., § 437c; *Hardy* v. *Hardy, supra,* 246-247.) ■ As will appear, in view of plaintiff's consent to a judgment for $5,211, the affidavits in support of the motion state facts which, if proved, are sufficient to sustain the judgment in plaintiff's favor; and the affidavit of defendant does not state any facts showing he has any defense to the action.

The cause of action alleged in the supplemental complaint is for $7,850, accrued installments under the judgment for separate maintenance, and $1,050 ordered to be paid by the judgment for divorce. The supplemental complaint eliminated the prayer of the original complaint that the Illinois judgment for separate maintenance be established as a judgment of the superior court of this state and eliminated the prayer for future support. Defendant's assertion that "the issue of the separate maintenance decree was not within either the

allegations nor the prayer'' of the supplemental complaint is contrary to the fact. The supplemental complaint specifically alleged the granting of the judgment for separate maintenance; by reference, alleged the judgment of divorce in which the Illinois court found the facts with respect to the judgment for separate maintenance; and prayed for judgment for a sum of money which included the accrued installments under that judgment. Defendant in his answer to the supplemental complaint admitted these facts by failure to deny them. Since defendant in his answer to the supplemental complaint admitted that the installments which had accrued under the judgment for separate maintenance had not been paid, and inasmuch as he did not in his affidavit state otherwise, there was no triable issue as to such installments.

Defendant contends that his affidavit raised a triable issue as to the authority of the attorney in Illinois to act for him after rendition of the judgment for separate maintenance and as to the jurisdiction of the Illinois court to render a judgment of divorce in the same action in which a final judgment for separate maintenance had been rendered. These questions were not relevant. There was no such triable issue raised as to the installments which had accrued under the judgment for separate maintenance. The summary judgment was not predicated on the accrued installments under the judgment of divorce; it was based on installments which defendant did not deny had accrued under the judgment for separate maintenance.

There is another reason why defendant may not claim that the judgment of divorce is void for want of authority in the Illinois attorney to appear for him or for want of jurisdiction in the Illinois court. At the time of the hearing on the first motion for a summary judgment prior to the filing of the supplemental complaint, his counsel in the present action made and filed an affidavit in opposition to the motion in which he relied on the judgment of divorce. He said in the affidavit that the judgment of divorce ''superseded and replaced'' the judgment for separate maintenance, and that by reason thereof he had ''a good and substantial defense to the present complaint.'' On the strength of that affidavit the motion was denied, the court stating in its order that it found the judgment for separate maintenance has been superseded by and merged in the judgment of divorce. On the motion for a summary judgment after the filing of the supplemental complaint, from which judgment this appeal was

taken, defendant made and filed an affidavit in opposition to that motion in which he stated facts in an attempt to show that the attorney who appeared in the Illinois action after the filing of the supplemental complaint for divorce did so without authority and that the Illinois court had no jurisdiction to render the judgment of divorce. The defendant may not play fast and loose with the court in this fashion. He cannot in one breath say the judgment is valid,—obtain relief thereby; and in the next, say it is invalid. Having relied on the validity of the judgment of divorce on the first motion, he is estopped from thereafter claiming it is void. █ One to whom two inconsistent courses of action are open and who elects to pursue one of them is afterward precluded from pursuing the other. (*Steiner* v. *Rowley,* 35 Cal.2d 713, 720 [221 P.2d 9]; *Austin* v. *Hallmark Oil Co.,* 21 Cal.2d 718, 727 [134 P.2d 777]; *Alexander* v. *Hammarberg,* 103 Cal. App.2d 872, 878-879 [230 P.2d 399]; *Steiner* v. *Thomas,* 94 Cal.App.2d 655, 660 [211 P.2d 321]; *Calhoun* v. *Calhoun,* 81 Cal.App.2d 297, 305 [183 P.2d 922]; *Monroe* v. *Owens,* 76 Cal.App.2d 23, 27 [172 P.2d 110]; *Sacramento etc. Dist.* v. *Pacific G. & E. Co.,* 72 Cal.App.2d 638, 649 [165 P.2d 741]; *Garnette* v. *Mankel,* 71 Cal.App.2d 783, 787 [163 P.2d 466]; 10 Cal.Jur. 646, § 26.)

Lastly, defendant urges that the order denying the motion for a summary judgment on the original complaint is res judicata and that therefore the order granting the motion on the supplemental complaint was in error. █ An order denying a motion for a summary judgment is not appealable. █ A judgment entered on an order granting the motion is appealable. (Code Civ. Proc., §§ 437c, 963.[1]) █ An order denying the motion does not determine any issue. Its effect is merely a finding that there is an issue of fact to be tried. It is otherwise, if the motion is granted. █ A final judgment for the moving party follows. █ Denial of the motion is not a final judgment; it is not a final decision on the merits. The order denying the motion on the original complaint merely determined that on the pleadings as they existed at that time there was triable issue.

█ The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of

---

[1]For the history of the origin and effect of summary judgment statutes see *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R.I. 175 [179 A. 702, 103 A.L.R. 1097].

competent jurisdiction is, in all subsequent actions, conclusive of the rights of the parties thereto and of their privies which were or might have been determined. (*French* v. *Rishell,* 40 Cal.2d 477, 479 [254 P.2d 26] ; *Dillard* v. *McKnight,* 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d 835] ; *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 58 [183 P.2d 312].)

The application of the principle in a given case depends in part upon an affirmative answer to the question : Was there a final judgment on the merits? (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892] ; *Dillard* v. *McKnight, supra,* 214; *Citizens Nat. T. & S. Bank* v. *Hawkins,* 87 Cal. App.2d 535, 541 [197 P.2d 385] ; *Estate of Eaton,* 38 Cal. App.2d 180, 182-184 [100 P.2d 813].)

Since the order denying the motion for a summary judgment made on the original complaint was not a final judgment, it is not res judicata.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.