[No. B010787. Second Dist., Div. Five. Jan. 23, 1986.]

FERNANDO DE LA PENA, Plaintiff and Appellant, v.
KENNETH NORMAN WOLFE, Defendant and Respondent.

COUNSEL

Thomas A. Scuderi for Plaintiff and Appellant.

Howard M. Fields and David L. Brandon for Defendant and Respondent.

OPINION

ASHBY, J.—Appellant Fernando de la Pena seeks to reverse a summary judgment granted to respondent Kenneth Wolfe on August 12, 1983. De la Pena sued Wolfe, an attorney, and others who are not parties to this appeal for malicious prosecution and abuse of process.[1] The trial court granted Wolfe's summary judgment motion after finding that the termination of the prior suit against de la Pena was not a favorable termination based on the opinion in *Zeavin* v. *Lee* (1982) 136 Cal.App.3d 766 [186 Cal.Rptr. 545]. The trial court correctly applied the law as stated in *Zeavin,* and we affirm the summary judgment.

The facts are not in dispute. De la Pena was sued by American Professional Business Bureau, Inc. (APB) in June 1980. De la Pena propounded interrogatories in July 1980. On September 25, 1980, de la Pena was granted a dismissal on the ground that APB had failed to answer the interrogatories. On October 23, 1980, the case was ordered dismissed and judgment was entered for de la Pena.

Meanwhile, in June 1980 Wolfe entered into a contract with APB. Wolfe agreed to accept approximately 400 collection case files. One of those cases was a suit against de la Pena. Wolfe prepared a number of substitution of attorney forms, but filed a form with the court on any particular case only after receiving the case file. In the de la Pena case Wolfe signed the substitution of attorney form on September 3, 1980, but filed the form on September 30, 1980. At the time of filing the form he also filed an at-issue memorandum, unaware that de la Pena's motion to dismiss had been granted five days earlier.

---

[1]The first cause of action of de la Pena's complaint combines the malicious prosecution and abuse of process theories. De la Pena has raised arguments with respect to the malicious prosecution theory only on appeal. He explains in his reply brief that the first cause of action is "only one stated cause of action and it makes no difference what it is labeled" and that "the 'theory' is irrelevant, whether abuse of process or malicious prosecution." We therefore consider the abuse of process theory abandoned. (*Bonadiman-McCain, Inc.* v. *Snow* (1960) 183 Cal.App.2d 58, 65 [6 Cal.Rptr. 52].)

DISCUSSION

■ Summary judgment is proper only if the declarations in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by declaration show such facts as may be deemed sufficient to present a triable issue. (*Empire West* v. *Southern California Gas Co.* (1974) 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31].) Where there is no material issue of fact to be tried and the sole question remaining is one of law, it is the duty of the trial court to determine the issue of law. (*Angelus Chevrolet* v. *State of California* (1981) 115 Cal.App.3d 995, 1000 [171 Cal.Rptr. 801].)

■ A malicious prosecution suit has three essential elements: favorable termination of the prior lawsuit, lack of probable cause in bringing the prior action, and malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) A favorable termination for malicious prosecution suits is one that tends to indicate the innocence of the accused. (*Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 826 [145 Cal.Rptr. 829].) The termination need not be one that follows a trial on the merits, but the termination must reflect on the merits of the underlying action. (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].) If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution. (*Id.*, at p. 751.)

■ In *Zeavin* v. *Lee, supra,* 136 Cal.App.3d 766, an attorney was sued for malicious prosecution following the dismissal of the prior lawsuit for a failure by the plaintiff to comply with discovery procedures. The malicious prosecution case was on appeal from a dismissal following a demurrer in favor of the attorney. The appellate court affirmed on the ground that the dismissal of the prior suit was not a favorable termination for malicious prosecution purposes. The basis of the holding was that the termination did not reflect either the innocence of the original defendants or the lack of merits of the action. While stating that the dismissal could be treated as a concession by the client that the action lacked merit, the court stated that any such concession was not binding on the attorney.

The case before us is a virtual twin of *Zeavin* v. *Lee.* Both prior suits were dismissed for plaintiff's failure to make discovery. Both defendants filed malicious prosecution actions and sued the attorneys who represented the plaintiffs in the prior suits. As in *Zeavin,* the termination of the prior suit in this case was not a favorable termination which would permit a malicious prosecution action to go forward. Even more in this case than in

*Zeavin,* any concession by the client that the prior suit lacked merit is not binding on the attorney because Wolfe substituted into the case well after APB failed to answer the interrogatories and, in fact, after de la Pena's motion to dismiss was granted.

De la Pena attempts to avoid the ruling in *Zeavin.* He argues that Wolfe should not be permitted to base a summary judgment on *Zeavin* because Wolfe had already brought two summary judgment motions prior to the issuance of *Zeavin*[2] and had already had his day in court. De la Pena contends that the summary judgment that was granted to Wolfe violates Code of Civil Procedure sections 1008 and 437c, subdivision (*l*), and was barred by res judicata. These contentions are meritless. With respect to sections 1008 and 437c, subdivision (*l*), the summary judgment granted on August 12, 1983, was not a reconsideration of a prior order but a new motion based on recently published case law. ■ In addition, an order denying a motion for summary judgment is not a final judgment and not res judicata. (Code Civ. Proc., § 437c, subd. (j).) A subsequent motion for summary judgment may be made and granted. (*Schulze* v. *Schulze* (1953) 121 Cal.App.2d 75, 83-84 [262 P.2d 646].)

■ De la Pena argues that under the case law prior to *Zeavin* the termination of the suit against him would have been deemed favorable. This argument is irrelevant. Under the doctrine of stare decisis the trial court was bound to follow the *Zeavin* decision. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We find no basis for de la Pena's implication that *Zeavin* was wrongly decided.

De la Pena tries to distinguish *Zeavin.* He contends that the *Zeavin* court focused on the party exercising freedom of choice, i.e., the client, in determining who made a concession by failing to comply with discovery. From there he argues that Wolfe at all times was acting freely and by his own choice and thus, de la Pena implies, Wolfe should be held to have made a concession of the case. De la Pena's error in this argument is his characterization of the concern of the *Zeavin* court. The court did not discuss freedom of choice. Rather, the court took care to avoid placing liability on the attorney for the conduct of the client where the client refused to cooperate with the attorney handling the case. Wolfe, as has been stated,

---

[2]The trial court granted a summary judgment to Wolfe on January 6, 1982. On February 17, 1982, the parties stipulated that Wolfe's evidence was insufficient to support the previously granted summary judgment, and de la Pena was granted a new trial. Wolfe brought another motion for summary judgment which was denied on February 17, 1982. De la Pena contends in his reply brief that Wolfe filed a motion for reconsideration on April 19, 1982, but that is not supported by the record.

was not handling the collection suit against de la Pena at the time APB refused to answer the interrogatories. Under the *Zeavin* analysis Wolfe could not possibly be liable for APB's refusal, nor is he tainted by APB's concession.

De la Pena contends that unlike in *Zeavin,* where the client unilaterally refused to comply with discovery, in this case Wolfe and APB were mutually cooperative. De la Pena has not shown by his papers in opposition to the summary judgment motion that Wolfe was the attorney for APB at the time APB refused to respond to the interrogatories sent by de la Pena. Under the undisputed facts of the case it is impossible to give credibility to de la Pena's contention.

Finally, de la Pena argues that Wolfe's declaration is insufficient to rule on the factual allegations contained in it. But the facts de la Pena addresses in this argument concern either probable cause or malice, not the question of favorable termination. As to the facts relevant on the issue of favorable termination, there is no dispute. All that remains is the question of law, which *Zeavin* resolves in Wolfe's favor. De la Pena also contends that the several declarations filed by Wolfe in support of the various motions for summary judgment are contradictory, but they are not. He seeks to attack Wolfe's credibility, but the facts in the declaration on which the summary judgment is based are verified by the record.

De la Pena has shown no error in the grant of the summary judgment by the trial court.[3]

The judgment is affirmed.

Feinerman, P. J., and Eagleson, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 23, 1986.

---

[3]Wolfe has requested frivolous appeal sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].) Though we affirm the decision of the trial court, we find that sanctions are not warranted in this case.