J. Bruce McCUBBREY, Donald L. Bartels, Virginia H. Meyer, Calvin B. Ward, and McCubbrey, Bartels, Meyer & Ward, a California partnership, Plaintiffs–Appellants,

v.

Dolores M. VENINGA, George Hook and McBride, Baker & Coles, an Illinois partnership, Defendants–Appellees.

No. 93–15579.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1994.

Decided Nov. 9, 1994.

Frederick A. Cone, San Francisco, CA, for plaintiffs-appellants.

Jesse F. Ruiz, Robinson and Wood, San Jose, CA, for defendants-appellees.

Before: CHOY and NOONAN, Circuit Judges, and MARQUEZ[1], District Judge.

MARQUEZ, District Judge:

J. Bruce McCubbrey, Donald L. Bartels, Virginia H. Meyer, Calvin B. Ward, and the law firm of McCubbrey, Bartels, Meyer & Ward (collectively "McCubbrey") appeal the district court's summary judgment in favor of defendants in McCubbrey's malicious prosecution action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp. 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990), and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant undisputed facts show the following: McCubbrey filed an action against FMALI Herb Co. ("FMALI") to collect legal fees arising out of McCubbrey's representation of FMALI in another proceeding. FMALI, represented by defendants, filed a cross-complaint[2] against McCubbrey for, among other things, legal malpractice. On November 8, 1991, the parties settled both the complaint and cross-complaint.

1. The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation.

2. California has abolished the counterclaim. "Any cause of action that formerly was asserted by a counterclaim shall be asserted by a cross-complaint." California Civil Code Title 6 § 428.80 at 137 (1994).

## DISCUSSION

■ To establish a cause of action for malicious prosecution in California, a plaintiff must show that "the prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was (1) pursued to legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice." *Villa v. Cole*, 4 Cal. App.4th 1327, 1334, 6 Cal.Rptr.2d 644, 648 (Cal.Ct.App.1992); *see also Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 847 (9th Cir. 1976). Here, the district court held that McCubbrey failed to show that the prior proceeding terminated in McCubbrey's favor.

■ McCubbrey contends the district court erred by misinterpreting California law.[3] This contention lacks merit.

The district court correctly determined that, "generally, a dismissal resulting from a settlement does not constitute a favorable determination because the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence." *See Pender v. Radin* 23 Cal.App.4th 1807, 1814, 29 Cal.Rptr.2d 36, 40 (Cal.Ct.App.1994); *Villa v. Cole*, 4 Cal. App.4th 1327, 1337, 6 Cal.Rptr.2d 644, 649 (Cal.Ct.App.1992). In order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect on the merits of the action and of the plaintiff's innocence of the misconduct alleged in the lawsuit. *Id.* (citing *Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750, 159 Cal.Rptr. 693, 602 P.2d 393.) None of the cases cited by McCubbrey demonstrate that the rule is otherwise.[4] Although

McCubbrey is correct that the California Supreme Court has not directly ruled on the issue of whether a negotiated settlement should be deemed a favorable termination, this court has explained that when there is no ruling from the highest court of the state, intermediate appellate decisions must be followed, unless this court is convinced by other persuasive data. *Columbia Grain, Inc. v. Oregon Ins. Guar. Ass'n.*, 22 F.3d 928 (9th Cir.1994). The district court based its decision in this matter mainly on *Villa*, 4 Cal. App.4th 1327, 6 Cal.Rptr.2d 644, which is a California Appellate Court decision. The California Supreme Court has recognized the rule in *Villa*. *See Paskle v. Williams*, 214 Cal. 482, 484, 6 P.2d 505, 506 (Cal.1931).[5] We are not convinced that the California Supreme Court would decide the issue otherwise. *See New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696, 701 (9th Cir.1991).

McCubbrey also contends the district court erred by applying a "bright-line" rule in determining that the parties' settlement was not a termination favorable to McCubbrey. This contention lacks merit.

The district court's order shows that the court based its decision on the language of the parties' settlement agreement. The agreement contained the following provision:

(3) It is expressly agreed that this stipulation and agreement constitutes a compromise of disputed claims and that no party, by entering into this stipulation and agreement, admits any liability whatsoever.

The district court found that "[U]nder these circumstances, the settlement does not reflect the merits of the underlying litigation."[6] The court's concern over the particular set-

---

3. The district court's jurisdiction was founded upon the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a). The parties do not dispute that California law applies in this action. *See Starks v. S.E. Rykoff & Co.*, 673 F.2d 1106, 1108 (9th Cir.1982).

4. Those cases are distinguishable from this case because they did not involve a negotiated settlement of the prior proceeding.

5. McCubbrey argues that the California Supreme Court's reference to the general rule in *Paskle* is dictum. While McCubbrey correctly observes that the court in *Paskle* did not decide the ques-

tion of whether a negotiated settlement can be considered a favorable termination of the proceedings, *see* 214 Cal. 482, 6 P.2d at 506, the *Paskle* court accurately stated the law, *see, e.g., Villa*, 4 Cal.App.4th at 1337, 6 Cal.Rptr.2d at 649.

6. The rule is that "for the termination of the lawsuit to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the misconduct alleged therein." *Villa*, 4 Cal.App.4th at 1334, 6 Cal.Rptr.2d at 648.

tlement agreement entered into by these parties is also demonstrated in the transcript of the hearing on defendants' motion for summary judgment. We therefore conclude the district court did not apply a "bright-line" rule.

McCubbrey also contends the district court misinterpreted the settlement because the agreement was not intended to and did not release defendants from liability for a malicious prosecution claim. This is irrelevant. The question before us is whether the prior proceeding was terminated in favor of McCubbrey. As we discussed above, it was not.

Finally, McCubbrey suggests the district court erred by failing to inquire into the parties' motives for settling and failing to consider the amount of consideration FMALI received from McCubbrey in exchange for dismissing its cross-complaint. The district court correctly declined to make these inquiries. *See Villa,* 4 Cal.App.4th at 1337, 6 Cal.Rptr.2d at 650. (The actual amount of consideration given as part of a settlement agreement is immaterial to a showing of favorable termination.)

AFFIRMED.