67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA; Fremont
Indemnity Co., Plaintiffs-Appellants,
v.
GIBRALTAR CASUALTY COMPANY, Defendant-Appellee.
 No. 94-55476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1995.*
Decided Sept. 28, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 We affirm on the grounds stated by the district court.
 
 
 4
 The California notice-prejudice rule is not applicable to claims-made insurance policies. Burns v. International Ins. Co., 929 F.2d 1422, 1425 (9th Cir.1991). Accordingly, the Gibraltar claims-made policy is to be enforced according to its terms. The policy is not ambiguous. The only reasonable construction of its provisions, taken cumulatively, is that coverage is conditioned upon reporting within the policy period or any express extension, a condition that was not satisfied in this case. The language relied upon by appellants does not extend this coverage to claims reported after the policy term; rather it excludes coverage of claims reported within the term if a delay in reporting within the term prejudiced the insurer. The courts may not rewrite a claims-made policy to extend coverage the insured has not bargained for. Pacific Employers Ins. Co. v. Superior Court, 221 Cal.App.3d 1348, 1358-59, 270 Cal.Rptr. 779 (1990); Burns, 929 F.2d at 1425.
 
 
 5
 The order of the California Superior Court denying summary judgment on the ground that the policy was ambiguous is not a final judgment under California law, and therefore had no preclusive effect under the "full faith and credit" statute or as res judicata. Lumbermens Mut. Cas. Co. v. Vaughn, 199 Cal.App.3d 171, 177, 244 Cal.Rptr. 567 (1988); De La Pena v. Wolf, 177 Cal.App.3d 481, 485, 223 Cal.Rptr. 325 (1986); Schulze v. Schulze, 121 Cal.App.2d 75, 83, 262 P.2d 646 (1953). California Code of Civil Procedure Sec. 437c(f) does not preclude relitigation of the issue of ambiguity; it is not a substantive rule of preclusion, but a procedural rule to be followed by state trial courts.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3