**Gul JAISINGHANI, Plaintiff—Appellant,**

v.

**Patrick C. BYRNE; Kenneth L. Dugger, Defendants—Appellees.**

**No. 03-55276.**

**D.C. No. CV-98-08575-GHK.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Jan. 7, 2005.

---

Jeffrey Carton, Packman & Eberz, P.C., White Plains, NY, for Plaintiff–Appellant.

David T. Azrin, Gallet Dreyer & Berkey LLP, New York, NY, Peter Martin Glick, Office of the County Counsel, Thomas K. Buck, USLA—Office of the U.S. Attorney Civil Division, Los Angeles, CA, for Defendants–Appellees.

Before HUG, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellant Gul Jaisinghani, along with Art Valles, Jack Rust, and International Plastics & Packaging, was charged with a number of transportation of hazardous waste violations in 1997. Valles, Rust, and IPP pled *nolo contendere* to the charges on March 19, 1998, and the charges were dismissed against Jaisinghani at the same proceeding. Subsequently, Jaisinghani filed a 42 U.S.C. § 1983 malicious prosecution action against defendants Kenneth Dugger, an agent with the United States Environmental Protection Agency, and Patrick Byrne, a peace officer with the Los Angeles District Attorney's office. The defendants moved for summary judgment and the district court granted the motion. Jaisinghani now appeals that decision, arguing that the district court erred in granting the motion with respect to two elements: 1) favorable termination, and 2) conspiracy. We hold that the district court did not err in granting the motion regarding favorable termination and, thus, we need not reach the second issue.

We review the district court's grant of summary judgment *de novo. Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). In reviewing the district court's decision we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004).

To succeed in his § 1983 malicious prosecution action, Jaisinghani must establish that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir. 2004) (alteration in original, quotation and citation omitted). The underlying proceedings must have terminated favorably,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

i.e. in a manner demonstrating Jaisinghani's innocence. *Id.* at 1068; *see also Heck v. Humphrey,* 512 U.S. 477, 484–85, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Jaffe v. Stone,* 18 Cal.2d 146, 114 P.2d 335, 337 (1941). "[A] dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings" because such a settlement specifically avoids a determination on the merits. *Villa v. Cole,* 4 Cal.App.4th 1327, 6 Cal.Rptr.2d 644, 649 (1992). When the proceedings terminate through a negotiated settlement, the inquiry is fact-intensive and depends on the specific language of the settlement. *See, e.g., McCubbrey v. Veninga,* 39 F.3d 1054, 1055–56 (9th Cir. 1994).

The district court correctly determined that Jaisinghani could not establish a favorable termination. Although Jaisinghani noted that he pled to nothing, the agreement at the March 19, 1998 court proceedings was specifically a conditional dismissal: The charges against Jaisinghani would only be dropped if cashier's checks, tendered in payment of fees amounting to $150,000, cleared by the next court proceeding. According to statements by Jaisinghani's lawyer at those proceedings, Jaisinghani waived the preliminary hearing as well as "any time and [gave] up any claims regarding any offense with respect to the timing or jurisdiction of a refiling" if the checks did not clear. Regardless of whether Jaisinghani was ultimately the source of the funding for those checks, he waived certain rights and essentially guaranteed the payment of $150,000 in fees in exchange for the dismissal of the case against him. *See Pender v. Radin,* 23 Cal.App.4th 1807, 29 Cal.Rptr.2d 36, 40 (1994) (noting that when a party gives up

something in exchange for the dismissal of charges, the termination is not favorable). Therefore, Jaisinghani cannot establish a favorable termination of the proceedings and the district court correctly granted summary judgment against him.

**AFFIRMED.**