[No. B122440. Second Dist., Div. One. July 29, 1999.]

RICHARD D. BAGLEY, Plaintiff and Appellant, v.
TRW, INC., Defendant and Respondent.

COUNSEL

Edward J. Horowitz; Krakow & Kaplan, Marvin E. Krakow and Steven J. Kaplan for Plaintiff and Appellant.

Quinn, Emanuel, Urquhart, Oliver & Hedges, Eric Emanuel, Scott B. Kidman and Johanna Y. Ong for Defendant and Respondent.

OPINION

**VOGEL (Miriam A.), J.**—A defendant moved for summary judgment or, in the alternative, summary adjudication of 130 "issues" attacking the plaintiff's seven causes of action. The trial court denied the motion for summary judgment, summarily adjudicated 27 of the issues in favor of the defendant, and denied the remaining 103 requests for summary adjudication. Relying on the same facts and the same law, the defendant thereafter made a second motion for summary judgment or, in the alternative, summary adjudication of each of the plaintiff's seven causes of action. The second motion was heard by a different judge, and summary judgment was granted. On the plaintiff's appeal, we conclude that the second motion was barred by subdivision (f)(2) of section 437c of the Code of Civil Procedure,[1] and therefore reverse the judgment.

FACTS

Richard Bagley (then a 28-year-old accountant) went to work for TRW, Inc. in 1967. For more than 20 years, Bagley worked continuously for TRW,

---

[1] All section references are to the Code of Civil Procedure.

receiving many promotions, ultimately (in 1987) to Chief Financial Manager of the Space & Technology Group. From 1981 to 1991, Bagley was named by TRW as a "key employee"—which meant that, based upon performance, he ranked in the top 1 percent of all TRW employees. In August 1992, TRW announced a large-scale reorganization, effective January 1, 1993. Among other things, the Space & Defense Sector was eliminated, and the Space & Technology Group (where Bagley worked) was combined with the Electronics Systems Group to create a new Space & Electronics Group. Although not all of the management-level financial positions in the combined groups and the new Space & Electronics Group were eliminated, none of the remaining positions were offered to Bagley. On February 15, 1993, TRW notified Bagley that he would be laid off, effective August 9, and he was, in fact, laid off on that date.

In August 1994, Bagley sued TRW, and in his first amended complaint (the operative pleading) alleged seven causes of action: (1) age discrimination, (2) wrongful termination in violation of public policy based on age discrimination, (3) gender discrimination, (4) wrongful termination in violation of public policy based on gender discrimination, (5) breach of an implied contract to terminate only for good cause, (6) breach of an express contract not to terminate employment in retaliation for reporting reasonably suspected illegal conduct, and (7) wrongful termination in violation of public policy based on the retaliation claim. In a nutshell, Bagley's complaint alleged that TRW's newly created Space & Electronics Group did in fact have 12 financial management positions, that events "closely" following TRW's reorganization resulted in the creation of yet another 12 financial management positions in the Space & Electronics Group, that Bagley was "eligible and qualified" for all of these 24 positions, and that TRW did not hire him because of his age (he was 54 at the time he was laid off), or his gender, or because he had, during the course of his employment at TRW, reported possible illegal conduct by the company.

In February 1996, TRW filed a motion for summary judgment or, in the alternative, summary adjudication of *130* separate issues related to "distinct claims" alleged by Bagley within each of his seven causes of action.[2] TRW

---

[2] The authority for this extraordinary motion is *Lilienthal &Fowler* v. *Superior Court* (1993) 12 Cal.App.4th 1848 [16 Cal.Rptr.2d 458], in which Division Two of the First District construed the language now found in subdivision (f)(1) of section 437c to permit summary adjudication motions to challenge a separate and distinct wrongful act, even though it is combined with other wrongful acts alleged within the same cause of action. We question whether *Lilienthal* properly construed subdivision (f)(1) of section 437c (which, as drafted, authorizes a motion for summary adjudication as to "one or more *causes of action* within an action, one or more affirmative defenses, one or more claims for damages, or one or more

wanted the court to adjudicate Bagley's claims with regard to each of the 24 new positions. By way of example, TRW approached Bagley's first cause of action for age discrimination with 24 separate requests for summary adjudication, one for each position. With regard to each position, TRW submitted evidence to show that the particular position was filled by a person in the same protected age group as Bagley, or evidence to show that Bagley would be unable to prove that TRW's employment decisions were made for anything other than nondiscriminatory, business reasons. As to 19 of the 24 positions, TRW claimed that Bagley could not prove a prima facie case. As to the remaining positions, TRW claimed its failure to rehire Bagley was for a legitimate nondiscriminatory reason, and that Bagley would not be able to show pretext. Bagley opposed the motions.

In November 1997, the trial court (Hon. George Schiavelli) denied TRW's motion for summary judgment, granted summary adjudication "in part" as to each cause of action, and denied summary adjudication "in part" as to each cause of action. For example, Judge Schiavelli summarily adjudicated in favor of TRW Bagley's age discrimination claims that were contradicted by TRW's evidence that the positions had been filled by someone in the same protected age group as Bagley. The remaining summary adjudication requests directed at the age discrimination claims were denied. In all, only 27 of the issues were summarily adjudicated in favor of TRW. *The remaining 103 requests for summary adjudication were denied.*

In his order, Judge Schiavelli stated: "[M]any of the issues relating to which summary adjudication has been denied were not argued or supported by evidence. . . . Consequently, as [to] those issues concerning which the court has denied summary adjudication because of a lack of any evidentiary showing or argument by [TRW], the denial is without prejudice." The order makes it clear that, as to at least some of the positions, Bagley had presented sufficient evidence to create a triable issue of material fact concerning his prima facie case (by showing that he was more qualified for a position filled by a younger employee) or concerning the issue of pretext (by presenting evidence that a TRW vice president had made comments about wanting "young people, preferably females and minorities, people with energy and fresh ideas who would make an increasing contribution to the company over the following 15 to 20 years").

---

issues of duty." (Italics added.) As subsequently amended, subdivision (f)(1) now provides that a "motion for summary adjudication *shall be granted only if it completely disposes of a cause of action,* an affirmative defense, a claim for damages, or an issue of duty." (Stats. 1993, ch. 276, § 1, italics added.) In any event, the *Lilienthal* court was faced with *three* requests for summary adjudication. We cannot imagine that the result would have been the same had the request been for *one hundred and thirty* separate summary adjudications.

In January 1998, Judge Schiavelli was transferred to the appellate department of the superior court and this case was reassigned to the Honorable Wendell Mortimer, Jr. In March, TRW filed a second motion for summary judgment or, in the alternative, summary adjudication of each of Bagley's seven causes of action. The motion was made solely on the ground that TRW had a legitimate, nondiscriminatory reason for Bagley's termination, which Bagley could not prove was pretextual.

Over Bagley's opposition (on procedural grounds and on the merits), Judge Mortimer granted TRW's motion for summary judgment, finding that TRW had "established a legitimate, non-discriminatory reason for elimination of Bagley's position. [TRW] significantly downsized, eliminated Bagley's position because of reorganization, and offered Bagley another senior management position with a yearly compensation package of over $100,000. His termination under these circumstances cannot be proven to be pretextual." Bagley appeals from the judgment thereafter entered.

## DISCUSSION

■ Bagley contends the second motion for summary judgment was improper because it was not based on new facts or new law or, indeed, on anything that had not already been presented at the time of the first motion. We agree.

Subdivision (f)(2) of section 437c provides that "a party may not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court, unless that party establishes to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion."[3] TRW's second motion offered no "newly discovered facts or circumstances." It did not suggest there had been "a change of law." It did not ask Judge Mortimer to make a finding about whether it had done any of these things.

[3]Although this language has been a part of the summary judgment statute since 1991 (Stats. 1990, ch. 1561, § 2, p. 7332), Bagley and TRW have not cited it in their briefs, and instead direct their attention to section 1008, the statute generally governing motions for reconsideration. Quite clearly, this case must be decided by the specific requirements of the summary judgment statute, not the general provisions of the reconsideration statute. (*Wilson* v. *Board of Retirement* (1957) 156 Cal.App.2d 195, 211 [319 P.2d 426].) This is particularly true where, as here, the prohibition against repeated summary judgment motions was added to make the summary judgment process more efficient and to reduce the opportunities for abuses of the procedure (Sen. Rules Com., Off. of Sen. Floor Analyses, rev. of Sen. Bill No. 2594 (Aug. 23, 1990)) which the addition of subdivision (f)(2) accomplished by overruling the cases that had held that an order denying a motion for summary judgment did not preclude a renewal of the same motion at any time before trial. (*Pender* v. *Radin* (1994) 23 Cal.App.4th 1807, 1811,

We have compared the evidence submitted with TRW's first motion to the evidence submitted with its second motion. Although reformatted, condensed, and cosmetically repackaged, the motions are identical. We have been unable to find a material fact in TRW's second separate statement of undisputed facts (§ 437c, subd. (b)) that was not included in its first separate statement of undisputed facts. We find no new law (and know of none that would affect the ultimate decision in this fact-intensive case).[4] It follows ineluctably that the second motion was prohibited by subdivision (f)(2) of section 437c and should have been denied on that ground. (Compare *Pender* v. *Radin, supra,* 23 Cal.App.4th at pp. 1811-1812 [renewed motion proper where there was a clear showing of newly discovered facts].)

To avoid this result, TRW points to the fact that Judge Schiavelli denied the first motion "without prejudice." Under the circumstances of this case, that ruling does not help TRW. Judge Schiavelli made it clear that the denial without prejudice pertained to those requests for summary adjudication which were "denied because they were not argued or supported by evidence." As we have already said, none of the evidence presented in support of the second motion was "new." What that means is that it was already presented before, in support of TRW's original motion. The condition of Judge Schiavelli's "without prejudice" ruling was therefore not met.[5]

Finally, we reject TRW's contention that Judge Mortimer's reliance on TRW's job offer to Bagley was something "new." The fact that Judge Mortimer mentioned this job offer in his order granting summary judgment is irrelevant. The evidence about the job offer was before Judge Schiavelli on the first motion, where TRW's evidence was disputed by Bagley's evidence showing that the offered position amounted to a demotion, with increased travel obligations, and other problems suggesting the offer was not made in good faith. There was nothing "new" about this issue.

---

fn. 2 [29 Cal.Rptr.2d 36]; see also *Strick* v. *Superior Court* (1983) 143 Cal.App.3d 916, 921 [192 Cal.Rptr. 314].)

[4]Although two cases cited in TRW's second motion (*Hersant* v. *Department of Social Services* (1997) 57 Cal.App.4th 997 [67 Cal.Rptr.2d 483], and *Addy* v. *Bliss & Glennon* (1996) 44 Cal.App.4th 205 [51 Cal.Rptr.2d 642]) were not cited in TRW's original motion, they were both decided and published before Judge Schiavelli ruled on the first motion.

[5]In light of the specific language of subdivision (f)(2) of section 437c, we summarily reject TRW's suggestion that a trial court always has the "inherent" authority to reconsider its own rulings. Leaving to one side the fact that this is a case in which one judge was asked to reconsider another judge's ruling (*Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873, 876 [282 Cal.Rptr. 706]), a court does not have the inherent power to act in a manner that is prohibited by statute.

## DISPOSITION

The judgment is reversed, and the cause is remanded to the trial court with directions to set the case for trial. Bagley is awarded his costs of appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied August 18, 1999, and respondent's petition for review by the Supreme Court was denied October 27, 1999.