Filed 7/23/13  Rudrich Family Management v. RHA Engineering CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RUDRICH FAMILY MANAGEMENT, | |
| Plaintiff and Respondent, | E054865 |
| v. | (Super.Ct.No. CIVDS901248) |
| RHA ENGINEERING, INC. | OPINION |
| Defendant; | |
| WEIL & DRAGE, APC et al., | |
| Objectors and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.

Reversed.

Weil & Drage APC, Jean A. Weil and Anthony D. Platt, for Objectors and Appellants.

No appearance for Plaintiff and Respondent.

1

No appearance for Defendant.

## I.  INTRODUCTION

Objectors and appellants Weil & Drage, APC, Jean A. Weil, and Anthony D. Platt appeal from an order directing them to pay $5,000 in monetary sanctions.  They contend the trial court abused its discretion in issuing the order because the allegedly frivolous motion for summary adjudication was based on newly discovered facts that were not asserted in a prior motion for summary judgment.

Plaintiff and respondent Rudrich Family Management (Rudrich Family) has not filed a respondent's brief in this matter.  We therefore consider the appeal on the basis of the record, the opening brief and oral argument, if any.  (Cal. Rules of Court, rule 8.220(a)(2).)

## II.  FACTS AND PROCEDURAL BACKGROUND

In February 2009, Rudrich Family filed an action against RHA Engineering, Inc., (RHA) and other corporations and individuals, alleging causes of action for injunction, negligence, private nuisance, and trespass to real property.  The complaint alleged that RHA had provided engineering services in connection with a 2004 subdivision project adjacent to a mobilehome park owned by Rudrich Family, and water and dirt were seeping through a retaining wall between the properties resulting in property damage.  Objectors represented RHA in that action.

In October 2009, objectors filed a motion for summary judgment or summary adjudication (the first motion) on behalf of RHA on the ground that the action was barred

2

by applicable statutes of limitation. The separate statement of undisputed facts supporting the first motion was based principally on Rudrich Family's responses to special interrogatories 27 and 28 indicating that Rudrich Family first discovered evidence of water seepage through the wall in June 2005. The separate statement of undisputed facts supporting the first motion did not mention evidence of movement or deflection of the wall or cracking in the wall.

The trial court denied the motion, determining that Rudrich Family "first learned of 'appreciable harm' from [RHA's] breach of duty in October of 2008," (capitalization omitted), and the complaint had therefore been brought within the two- and three-year statutes of limitation for actions for professional negligence (Code Civ. Proc.,[1] § 339, subd. (1)) and injury to real property (§ 338, subd. (b)), respectively.[2]

Thereafter, objectors continued discovery, including taking additional depositions. During the November 2010 deposition of Mike Aparacio, a licensed contractor, Aparacio testified that he had visited the retaining wall accompanied by Jacob Rudrich, and "it was readily ascertainable that the wall was not in vertical plum[b] but that it was considerably leaning." Aparacio described the wall as having "rotated out of plum[b]," and he advised

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Although the trial court stated it was making a finding as to the date Rudrich Family first learned of appreciable harm, in ruling on the motion for summary judgment or summary adjudication, the trial court could appropriately merely determine that a triable issue of material fact existed. (§ 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

3

Jacob to "contact the [C]ity of Yucaipa." He stated the wall was "grossly out of plum[b]," meaning "[a] leaning of more than two percent of a 90 degree right angle." In a December 2005 exchange of emails with other members of the Rudrich Family, Aparacio proposed the language of a letter that should be sent to the city.

Objectors also took the deposition of Lawrence Strahm,[3] a professional engineer, in September 2010. Strahm testified that he had visited the property in May 2006 and had prepared a report dated August 22, 2006, based on his observations and findings from that visit. He testified he had been asked "to come out and investigate the wall because they had some indications that it was moving or failing." During the visit, the on-site manager pointed out cracking in the wall and told him that "cracks had worsened since they had first been observed." Strahm also reported seeing some lateral displacement of the wall. He testified the owner had told him the lateral displacement "occurred subsequent to grading" on the adjacent subdivision project. Strahm determined that the top of the wall was out of vertical by one inch horizontally, and he measured the "lateral bow in the wall" with a tape measure. He concluded the cracks and displacement constituted "slight distress" in a specified portion of the wall and recommended to Rudrich Family that "'the wall should be reviewed to assess stability.'"

In March 2011, objectors filed a motion for summary adjudication (hereafter, the second motion) again asserting that the cause of action for negligence was barred by the

---

[3] Also referred to in the record as Lawrence "Straham."

statutes of limitation in sections 339, subdivision (1) and 338, subdivision (b).  The separate statement of undisputed facts filed in support of the second motion was based primarily on Aparacio's and Strahm's deposition testimonies as discussed above.

The trial court hearing the second motion found that the facts asserted in the second motion were not newly discovered, because "it was incumbent on the lawyers to get it in admissible form before bringing the [original] motion for summary judgment."  The court further held that it was "inherently an issue of fact . . . [w]hen was it that plaintiff knew or should have known."

On May 27, 2011, Rudrich Family filed a motion for sanctions under section 128.7 on the ground that objectors' justification for the second motion was "knowingly false and made in bad faith."  The trial court granted the motion and awarded sanctions against objectors in the amount of $5,000.

The action was eventually terminated by settlement, and this appeal ensued.

Additional facts are set forth in the discussion of the issues.

### III.  DISCUSSION

"[A] party may not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court, unless that party establishes to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion." (§ 437c, subd. (f)(2).)

5

In *Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60 (*Nieto*), the court observed that a party's motion for summary judgment fell outside section 437c, subdivision (f)(2) "as the prior motion was one for summary judgment rather than summary adjudication . . . ."**4** (*Nieto*, *supra*, at p. 72.)  Here, likewise, objectors' second motion falls outside the plain language of section 437c, subdivision (f)(2) because the second motion sought summary adjudication, not summary judgment.  As in *Nieto*, however, we will address the issue on the merits.

In the present case, the trial court imposed sanctions under section 128.7 on the ground that the second motion was frivolous.  We apply an objective standard for determining frivolity for purposes of section 128.7.  (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167 (*Guillemin*).)  "[T]here are basically three types of submitted papers that warrant sanctions:  factually frivolous (not well grounded in fact); legally frivolous (not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law); and papers interposed for an improper purpose. [Citations.]" (*Ibid.*)  Our sanction rule "must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously.  Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way.  Our law is constantly evolving, and effective

---

**4** In *Nieto*, the court held that the trial court did not abuse its discretion in determining that a second motion was permissible because the first motion did not address the elements of fraud, whereas the second motion "addressed this previously omitted issue." (*Nieto*, *supra*, 181 Cal.App.4th at p. 72.)

representation sometimes compels attorneys to take the lead in that evolution." (*Id*. at pp. 167-168.)

We therefore examine the record to determine whether objectors' conduct was objectively reasonable. More specifically, we must determine whether the second motion was based on new facts or merely on newly discovered evidence. In doing so, we compare the statements of undisputed material facts submitted to support the first and second motions.

Both motions asserted that Rudrich Family's claims were barred by the two-year statute of limitations applicable to claims for professional negligence (§ 339, subd. (1)) and the three-year statute of limitations applicable to claims for negligent injury to real property (§ 338, subd. (b).)

As recounted above, the first motion was based on Rudrich Family's responses to special interrogatories stating that water seepage through the wall had been observed in 2005.

The second motion was based principally on Strahm's and Aparacio's deposition testimonies as set forth above in the statement of facts. The focus of the second motion was thus on those witnesses' observations of cracks and leaning of the wall observed in 2005 and 2006 and those witnesses' reports to and discussions with Rudrich Family about those observations. Thus, this case is unlike *Bagley v. TRW, Inc.* (1999) 73 Cal.App.4th 1092. In that case, the plaintiff sued his former employer for various causes of action based on his termination. (*Id.* at p. 1094.) The employer filed a motion for

7

summary judgment or summary adjudication, and the trial court granted the motion for summary adjudication in part. (*Id.* at p. 1095.) The employer then brought a second motion for summary judgment, which the trial court granted. (*Id.* at p. 1096.) The appellate court reversed, holding that the second motion was improper because it was identical to the original motion, although "reformatted, condensed, and cosmetically repackaged." (*Id.* at p. 1097.) The court observed that it had been "unable to find a material fact in [the] second separate statement of undisputed facts [citation] that was not included in its first separate statement of undisputed facts." (*Ibid.*) Here, in contrast, the statements of undisputed facts supporting the two motions are completely dissimilar.

Rather, this case is more like *Jefferson v. Qwik Korner Market, Inc.* (1994) 28 Cal.App.4th 990, an action for personal injuries based on a car driving over a concrete curb onto the sidewalk in front of a convenience store. In that case, the court held that declarations filed after the original motion for summary judgment contained new facts, specifically, that the parking lot design met city standards, and there had been no previous similar incident. (*Id.* at p. 997, fn. 4; see also *Pender v. Radin* (1994) 23 Cal.App.4th 1807, 1812 [holding that a renewed motion for summary judgment/summary adjudication was proper because the defendant had discovered new facts in depositions of plaintiffs after the first motion, and the new facts made a newly published case applicable to the lawsuit].)

We conclude the second motion was not frivolous within the meaning of section 128.7.

## IV.  DISPOSITION

The order appealed from is reversed.  Parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                                        HOLLENHORST
                                                                  J.

We concur:

      RAMIREZ
                              P.J.

      MCKINSTER
                              J.