Filed 4/8/21  Galvin v. Vu CA4/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COLLEEN M. GALVIN, | |
| Plaintiff and Appellant, | G058502 |
| v. | (Super. Ct. No. 30-2017-00906995) |
| VAN HUY VU et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Reversed in part and affirmed in part.

Khouri Law Firm, Michael J. Khouri and Michael Tran for Plaintiff and Appellant.

Doyle Schafer McMahon, Raymond J. McMahon and Alexander Farkas for Defendants and Respondents.

Plaintiff Colleen M. Galvin appeals from a summary judgment entered against her and in favor of defendants Van Huy Vu and Van Huy Vu, M.D. Inc. Plaintiff argues defendants could not achieve summary judgment via summary adjudication on all three of plaintiff's causes of action because defendants' earlier summary judgment motion raising the same issues was denied. Plaintiff also argues the court erred on the merits of the summary adjudication motion because (1) triable issues of fact exist as to the elements of plaintiff's Labor Code section 2802 (section 2802) cause of action, and (2) the court failed to properly credit plaintiff's testimony contradicting defendants' expert on plaintiff's implied contractual indemnity and negligence causes of action.

We conclude the trial court did not abuse its discretion by entertaining defendants' summary adjudication motion. We also conclude the court correctly granted summary adjudication on plaintiff's implied contractual indemnity and negligence causes of action but erred in granting summary adjudication on plaintiff's section 2802 cause of action. Consequently, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

Plaintiff is a physician assistant who performed services for defendants at their pain management clinic. Plaintiff was later charged by California's Physician Assistant Board (the Board) with breach of the standard of care. In connection with her defense of those charges, plaintiff alleged she incurred attorney fees and suffered other damages.

Plaintiff sued defendants, alleging the charges brought by the Board against her were solely the result of work she performed for defendants. Plaintiff sought indemnity for her attorney fees and other damages under section 2802, as well as under an implied contractual indemnity theory. Plaintiff also sought damages based on a simple negligence theory under the same facts.

In response, defendants moved for summary judgment. Defendants addressed each cause of action separately. On plaintiff's section 2802 cause of action,

2

defendants argued plaintiff's expenditures were not "necessarily incur[red]" in the discharge of her duties, and plaintiff was not an employee. On plaintiff's implied contractual indemnity cause of action, defendants argued they did not breach their contract with plaintiff, and the cause of action was barred by the applicable statute of limitations. On plaintiff's negligence cause of action, defendants argued it was barred by the statute of limitations, and also contended defendants owed no duty to plaintiff beyond their contractual duties, plaintiff's damages were not foreseeable, and lack of causation based on the contention the Board's charges arose from plaintiff's work for other doctors. Defendants also argued plaintiff lacked standing to bring the lawsuit, because plaintiff sued in her individual capacity, but had provided services to defendants through a since-dissolved corporation.

The court denied defendants' motion for summary judgment. In analyzing the section 2802 cause of action, the court found defendants had failed to present evidence addressing plaintiff's alleged employment relationship. Because the motion was brought solely for summary judgment instead of summary adjudication, the court declined to analyze any other issues, concluding defendants' failure to defeat the section 2802 cause of action doomed the entire motion.

Defendants moved for reconsideration, arguing the court had only considered one of its two arguments on the section 2802 cause of action. The court denied the motion for reconsideration, concluding "the sole basis upon which Defendant[s] sought judgment against the [section 2802] [c]ause of [a]ction, was Plaintiff's employment relationship."

Defendants then moved for summary adjudication of each of the three causes of action. On plaintiff's section 2802 cause of action, defendants now argued lack of causation, claiming plaintiff's damages were the result of her acts performed after she stopped working for defendants. On plaintiff's implied contractual indemnity cause of action, defendants again argued they had not breached the contract, and repeated their

3

causation arguments. On plaintiff's negligence cause of action, defendants repeated their arguments from their original summary judgment motion. Defendants also reasserted their theory that plaintiff lacked standing.

In support of their motion, defendants filed a declaration by an expert witness, who testified defendants met the standard of care, and the Board would not have filed serious charges against plaintiff absent the deaths of two patients, both of whom plaintiff also treated while working for other physicians after the patients left defendants' care. Even though defendants' second motion sought only summary adjudication, defendants also filed a proposed judgment along with the motion, presumably because the motion challenged all three of plaintiff's causes of action.

Plaintiff opposed the summary adjudication motion, making the same substantive arguments she made in opposition to defendants' motion for summary judgment. Plaintiff also argued defendants were prohibited by Code of Civil Procedure section 437c, subdivision (f)(2) (section 437c(f)(2)) from seeking summary adjudication based on issues already asserted in their previous motion for summary judgment. Plaintiff did not file an expert declaration in opposition.

This time, defendants prevailed. The court found defendants' motion fell outside the scope of section 437c(f)(2) because it was a summary adjudication motion following a summary judgment motion (not vice versa). The court also found the motion fell outside Code of Civil Procedure section 1008 (section 1008), subdivision (b)'s prohibition on motions for reconsideration because it sought summary adjudication of individual claims instead of summary judgment.

On the negligence cause of action, the court found defendants' unrebutted expert testimony established defendants did not breach the standard of care. On the implied contractual indemnity cause of action, the court applied the same reasoning, as the implied contractual agreement alleged by plaintiff required defendants only to supervise plaintiff "as required by the standard of medical practice in the community."

4

On the section 2802 cause of action, the court concluded plaintiff conceded her cause of action was "derivative in nature to her other causes of action," and reasoned the undisputed evidence that defendants did not breach the standard of care barred plaintiff's claim, as did defendants' expert's testimony that plaintiff's damages had "less to do with [defendants'] supervision and more to do with her independent conduct . . . ."

Because the court granted summary adjudication on all three causes of action, the motion disposed of the entire case, and the court entered judgment for defendants. Plaintiff appealed from the judgment.

**DISCUSSION**

*1. Summary Adjudication After Denial of Summary Judgment*

Plaintiff argues section 437c(f)(2) and section 1008 should have prevented the court from even considering defendants' summary adjudication motion because it raised the same arguments as defendants' earlier denied summary judgment motion.

In response, defendants contend section 437c(f)(2) only prohibits a summary judgment motion following a denied summary adjudication motion, not a summary adjudication motion following a denied summary judgment motion, citing *Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 72 (*Nieto*). We review this question of statutory interpretation de novo. (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 993.)

Defendants also argue section 1008 does not bar the relief requested by their summary adjudication motion because it differs sufficiently from the relief requested by their summary judgment motion. We review the court's resolution of this issue in plaintiff's favor for abuse of discretion. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 42.)

*A. Section 437c(f)(2) Does Not Apply.*

Section 437c(f)(2) states in relevant part "A party shall not move for summary judgment based on issues asserted in a prior motion for summary adjudication

5

and denied by the court unless that party establishes, to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion." On its face, the plain language of this portion of the statute only prohibits moving for summary *judgment* after a motion for summary *adjudication* is denied and not vice versa.

None of the cases cited by the parties or revealed by our own research squarely contradicts the plain language of the statute. In *Bagley v. TRW, Inc.* (1999) 73 Cal.App.4th 1092, 1096 fn.3 (*Bagley*), the court described section 437c(f)(2) as a "prohibition against repeated summary judgment motions," and held only that successive motions for summary judgment (as distinguished from summary adjudication) "must be decided by the specific requirements of the summary judgment statute [section 437c(f)(2)], not the general provisions of the reconsideration statute [section 1008]."[1]

Similarly, in *Patterson v. Sacramento City Unified School Dist.* (2007) 155 Cal.App.4th 821, 827 (*Patterson*) the court applied section 437c(f)(2) to a "second summary judgment motion," and ultimately ruled only that the second motion was sufficiently different from the first, so it was permitted under section 437c(f)(2).

The case cited by defendants, *Nieto*, also applied section 437c(f)(2) to a repeated summary judgment situation like *Patterson* and *Bagley*. But in dicta, *Nieto* also directly addressed the statutory interpretation issue presented here.

The *Nieto* court explained: "Even setting aside that [the] motion for summary judgment falls outside the scope of [section 437c(f)(2)], as the prior motion was one for summary judgment rather than summary adjudication, the trial court properly

---

[1] On this point Bagley was quoted with approval by the California Supreme Court in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1099 as follows: "One court has said that cases involving repeated summary judgment motions 'must be decided by the specific requirements of the summary judgment statute [section 437c], not the general provisions of the reconsideration statute [section 1008].' [Citations] This conclusion certainly seems logical."

6

exercised its discretion in determining that this provision did not bar summary judgment because the operative motion addressed an issue not raised by the prior motion." (*Nieto, supra*, 181 Cal.App.4th at p. 72.)

The legislative history also sheds no light on the question of whether section 437c(f)(2) applies to a motion for summary *adjudication* after a motion for summary *judgment* is denied. It merely recites the statement of purposes (efficiency & avoidance of abuses) noted by the court in *Bagley*, and that section 437c(f)(2) was enacted as one part of a set of modifications to the summary adjudication rules.

For these reasons, we agree with the dicta in *Nieto* and conclude the plain language in section 437c(f)(2) means what it says: it only bars a motion for summary judgment brought after a motion for summary adjudication is denied. Here, defendants brought their motions in the reverse order, so section 437c(f)(2) does not apply.

*B. The Court Did Not abuse Its Discretion.*

Section 1008, subdivision (b) forbids a party from making a second application or motion for the same order requested in an earlier motion or application, absent a showing of "new or different facts, circumstances, or law. . . ." (Code Civ. Proc., § 1008, subd. (b).)

Here, the court determined the two motions did not seek the same order as forbidden by section 1008, because the first motion sought summary judgment, while the second sought summary adjudication. We agree. Accordingly, the court did not abuse its discretion by entertaining defendants' subsequent motion for summary adjudication.

*2. Plaintiff's Section 2802 Cause of Action*

On the merits, plaintiff argues her first cause of action under section 2802 should have survived defendants' motion for summary adjudication, because there are triable issues of material fact. We are persuaded.

Section 2802, subdivision (a), states "An employer shall indemnify his or her employee for all necessary expenditure or losses incurred by the employee in direct

7

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful."

Plaintiff contends there are two elements of her cause of action arising from this statute: (1) plaintiff was employed by defendants and (2) the losses incurred by plaintiff were a direct consequence of the discharge of her duties. Plaintiff argues a triable issue of fact exists as to each of these two elements.

Defendants concede a triable issue of fact exists as to whether plaintiff was employed by defendants. But defendants argue the unrebutted expert declaration submitted with their motion established that plaintiff's own acts were the "actual cause of her damages."

The trial court similarly concluded plaintiff "failed to adhere to proper protocol in prescribing medications having less to do with [defendants'] supervision and more to do with her independent conduct," though the court also rejected defendants' expert's opinions regarding the actions of the Board as lacking foundation. The court also found plaintiff conceded her first cause of action was derivative of her other causes of action (for negligence & implied contractual indemnity) because her response to a portion of the separate statement of undisputed facts asserted defendants' alleged failure to adequately supervise her as a ground for liability.

"The test for recovery under [Labor Code] section 2802 is whether the conduct defended against was within the course and scope of employment." (*Jacobus v. Krambo Corp.* (2000) 78 Cal.App.4th 1096, 1101.) It is undisputed that plaintiff treated some of the patients discussed in the Board's charging document while working for defendants. Consequently, a triable issue of fact exists as to whether at least some portion of the conduct raised by the Board against plaintiff was within the course and scope of plaintiff's employment by defendants.

It makes no difference whether defendants adequately supervised plaintiff or whether the accusations against plaintiff arise from her "independent conduct" after many years of experience. The only possible counterargument—that plaintiff would not have been charged by the Board absent additional intervening or superseding negligence performed outside her employment by defendants—is foreclosed by the court's rejection of defendants' expert declaration on this point. And we agree with the trial court: the expert's prediction that, absent plaintiff's later conduct outside defendants' employ, the Board would not have charged plaintiff lacks foundation and is speculative.

Defendants also argue allowing plaintiff's cause of action to survive would create "new law that would dramatically increase the costs to all professional or licensed services." Defendants claim employers, including specifically the Regents of the University of California, would be forced to pay for licensing disputes, teacher discipline, driving infractions, and other costs.

There are at least two problems with this argument. First, as to defendants' specific example, section 2802 simply does not apply to the Regents of the University of California. (*In re Work Uniform Cases* (2005) 133 Cal.App.4th 328, 343-344.) Second, much of defendants' parade of horribles would in any event fall outside the statute because it does not require reimbursements of costs incurred by an employee as a result of unlawful acts the employee knows to be unlawful, such as typical traffic violations.

We therefore decline to read a new exception into section 2802 for costs of responding to professional discipline. It follows the court erred in granting summary adjudication on plaintiffs section 2802 cause of action.

*3. Plaintiff's Implied Contractual Indemnity Cause of Action*

Plaintiff argues her second cause of action for implied contractual indemnity should also have survived summary adjudication because her deposition testimony contradicted defendants' expert's opinion that defendants met the standard of care. We disagree.

9

As the trial court correctly noted, "[g]enerally, expert testimony is required to establish the standard of care that applies to a professional." (*Sanchez v. Brooke* (2012) 204 Cal.App.4th 126, 138.) Plaintiff did not submit an expert declaration in opposition to defendants' motion and does not argue she herself is an expert. Instead, plaintiff suggests we should apply the "common knowledge exception," which allows a plaintiff to establish the standard of care of a professional without expert opinion when "'a layperson' . . . [can] say as a matter of common knowledge . . . that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised.'"'" (*Scott v. Rayhrer* (2010) 185 Cal.App.4th 1535, 1543.)

The exception does not apply. The breach of the standard of care alleged by plaintiff is defendants' alleged failure to supervise plaintiff, resulting in harm to patients, as detailed in the Board's charges against plaintiff. While the harm to patients may be apparent to a layperson, only an expert can untangle whether responsibility solely lies with plaintiff or a failure of supervision by defendants contributed. Defendants' expert opined defendants met the standard of care in supervising plaintiff; absent contradictory expert opinion, the court had no choice but to grant defendants' motion as to this cause of action.

*4. Plaintiff's Negligence Cause of Action*

Plaintiff argues her third cause of action for negligence should also survive because defendants' legal duties are set forth in certain specified statutes and written regulations, which plaintiff contends excuses her failure to provide expert opinion to rebut defendants' expert. Again, we disagree. The unremarkable fact that statutes and regulations govern certain parts of a professional's duties does not create an exception to the rule that expert testimony is necessary to establish the standard of care in professional negligence cases. Plaintiff's failure to provide expert opinion is fatal to her negligence cause of action.

## 5. *Standing*

In addition to the arguments that prevailed before the trial court, defendants argue plaintiff lacks standing to assert causes of action against defendants because the parties to the contract under which plaintiff performed her services for defendants were defendants and plaintiff's corporation Nature's Remedies, Inc., now dissolved. Because we affirm the court's summary adjudication of plaintiff's implied contractual indemnity and negligence causes of action, we need only consider this argument in the context of plaintiff's section 2802 cause of action.

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." (Code Civ. Proc. § 367.) Section 2802 "'gives an employee a right to indemnification from his or her employer.'" (*Nicholas Laboratories, LLC v. Chen* (2011) 199 Cal.App.4th 1240, 1247.) Consequently, the real party in interest in a section 2802 case is the aggrieved employee. As noted above, defendants concede a triable issue of fact exists regarding whether plaintiff was an employee of defendants. Therefore, a triable issue of fact exists regarding whether plaintiff has standing to assert rights under section 2802.

11

## DISPOSITION

The judgment is reversed.  The order granting summary adjudication is reversed as to the first cause of action and affirmed as to the second and third causes of action.  Plaintiff shall recover costs on appeal.


THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.

12